## CARL SCHULTZ v. STATE.

No. A-6455. Opinion Filed April 20, 1929.
(276 Pac. 508.)

C. B. Leedy and L. E. Moyer, Jr., for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was informed against jointly with John Doe and Richard Roe, whose real names were unknown to the county attorney, and was tried separately and convicted of possession of a still, and sentenced to imprisonment in the county jail of Ellis county for a term of 30 days, and to pay a fine of $250 and costs. Motion for new trial was filed, overruled, and exceptions saved, and defendant has appealed to this court.

The information properly charges an offense. The state in order to sustain the charge in the information introduced evidence showing the sheriff and some parties went to the farm known as the Guyer place, on the 3d day of August, 1926, about 2½ miles from the defendant's home, and in or near a canyon in the pasture land on the place found Shell Hayes and Dennis Teague in a small house where there was a still set up and in operation. It appears from the testimony that the defendant had cultivated the farm land for the year 1926, but there is no testimony to show he had anything to do with the pasture land. One witness called on behalf of the state said there was some stock in the pasture, and, when questioned by the county attorney as to whether he knew whose stock it was, stated he did not know. Another witness testified he was stationed near his father's home about 7 or 8 o'clock in the morning and saw the defendant drive by his father's home going in the direction of the Guyer farm, and that there were two other men in the car with him, but the witness did not know who they were.

The officers, while waiting near the house where the still was found, testified that some one drove a car near the canyon where the house was, but they did not know who it was. The state made an effort to try to bring out testimony that at the time Hayes and Teague were arrested, at the house where the still was found,

they stated, if you know the defendant brought us out that morning, why do you ask us? This was objected to on the ground that any statement made in the absence of the defendant could not bind him. The court overruled the objection of the defendant, and defendant duly excepted. The state introduced further testimony tending to show that during the summer Hayes and Teague had worked for a few days for the defendant, and on one occasion they had been seen on the road going toward town, each driving a team loaded with wheat. This is in substance the testimony introduced by the state. At the close of the state's testimony, the defendant moved the court to advise the jury to return a verdict of not guilty against him on the ground that the testimony of the state was insufficient to sustain a conviction. The motion was overruled, and defendant duly excepted.

The defendant called Shell Hayes and Dennie Teague, the two parties that were arrested at the house the morning the officers found the still in operation, and each testified positively that the defendant had nothing to do with the still, did not own it, and did not know it was there; that the defendant did not bring them there that morning, but that morning a party overtook them in a car; that the party had some watermelons in the car, they were carrying a can of gasoline, and they bought some watermelons and the party delivered the watermelons out near the house where the still was found, and that defendant knew nothing about the still; the can found at the house with defendant's name on it, Hayes and Teague claim to have found down near the gate some distance from the house and had used it to carry water in. Hayes and Teague pleaded guilty to the offense and were at the time of the trial serving a jail sentence; each admitted they had been convicted

of other offenses; that they had been living in different places.

Defendant has assigned several errors alleged to have been committed. He first urges that the verdict of the jury is contrary to the evidence and the law; second, that the evidence is wholly insufficient to warrant or sustain a conviction for the offense charged; third, that the court erred in overruling plaintiff in error's motion for a new trial; and, fourth, the court erred in admitting, over the objection of the defendant, incompetent and prejudicial evidence during the trial.

The state offered no evidence whatever to show that the defendant was in possession of the lands where the still was found. The only attempt made was to show there was some stock in the pasture land through which the canyon runs where the still was found. The witness stated he did not know whether they were defendant's cattle or not. The defendant lived more than 2½ miles from where the still was found. Defendant had cultivated the farm land for the year 1926. The can bearing the defendant's name was found at the place where the still was found, which was accounted for by the witnesses Hayes and Teague, who explained where they found the can and how it happened to be there. This testimony is a suspicious circumstance, but we do not believe it sufficient to sustain a conviction. There should be some testimony that the defendant was the owner or had under his control that portion of the land where the still was found.

It is a well-settled rule, this court will not disturb the verdict on account of the evidence, where there is evidence to support it. The converse rule is equally well settled, that it is not only the province but the duty of the court to set aside the verdict when it is contrary to the evidence or where there is no evidence to support it. Benson v. State, 10 Okla. Cr. 16, 133 P. 271.

The evidence is entirely insufficient to support the verdict and judgment of conviction. The judgment is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.